THOMPSON v. FLEMING.    (No. 1895.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 30, 1918. Rehearing Denied Feb. 14, 1918.)

1. PLEADING ⟨⟩129(2)—ADMISSION OF ALLEGATIONS—DAMAGES.

Where plaintiff alleged certain damages from defendant's breach of contract to lease land on shares by reason of loss of crops, and defendant replied that he had cultivated the crops in a farmerlike manner, and they had been worth a less sum than that alleged by plaintiff, the mere absence of general or special denial as to the damages did not admit the allegations of the petition as to the amount of the damages.

2. TRIAL ⟨⟩374(2) — FINDINGS — CONFORMITY WITH PLEADINGS—COUNTERCLAIM.

Where plaintiff sued for breach of contract, and defendant pleaded a counterclaim and produced evidence thereon, the trial being on special issues which did not include the counterclaim, the court had a right on proper evidence to deduct from plaintiff's damages, as found by the jury, the amount of the counterclaim.

3. APPEAL AND ERROR ⟨⟩934(2)—PRESUMPTIONS—FINDINGS.

Where plaintiff sued for breach of contract, and defendant pleaded counterclaim which was not submitted to the jury, the trial having been on special issues, the Court of Appeals must assume that the findings of the court were such as to support the judgment rendered.

Error from Smith County Court; W. R. Castle, Judge.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by John W. Thompson against C. W. Fleming. Judgment for plaintiff in part, and he brings error. Affirmed.

Smith & Smith, of Tyler, for plaintiff in error. Hanson & Butler, of Tyler, for defendant in error.

HODGES, J. The plaintiff in error sued the defendant in error to recover $518.50 as damages for the alleged breach of a rental contract, and appeals from a judgment in his favor for only $60.98. In his original petition the plaintiff in error alleged, in substance, that in February, 1916, he entered into a contract with the defendant in error whereby the latter agreed to furnish the land, teams, farming implements, and seed, and the plaintiff in error the labor, and the crops grown to be equally divided between them; that it was also agreed that the defendant in error was to make certain advancements of provisions for the support of the plaintiff in error and his family while making and gathering the crops. It is further alleged that in May, 1916, the defendant in error refused to make the necessary advancements, and by force and threats compelled the plaintiff in error to abandon the premises; that the defendant in error thereafter took possession of the crops and appropriated the same to his own use. It is also alleged that, had the plaintiff in error been permitted to continue in possession of the premises and in performance of his rental contract, he could and would have raised, without expense other than his labor, crops aggregating in value $1,037, half of which would have belonged to him. Defendant in error filed an answer which contained no general denial, in which the terms and conditions of the contract as alleged by the plaintiff in error were admitted. He especially denied, however, any breach, and charged that the plaintiff in error voluntarily abandoned his contract and left the premises; that it was under those circumstances that he took charge of the crops, completed their cultivation, and gathered them at harvest time. He pleads in detail the amount of cotton, corn, and peanuts actually produced and gathered, giving the aggregate value at $262.-99, one-half of which, $132.99, would be the share of the plaintiff in error. He alleges that he cultivated the crops in a good, farmerlike manner, and used proper care in harvesting the same. He claims a credit of $75 for expenses incurred for labor in making and gathering the crops. He also pleads a counterclaim of $39.50 for supplies which he alleges were furnished by him to the plaintiff in error. In addition to this he reconvened for the sum of $500 as damages resulting from the plaintiff in error's breach of his contract.

The court submitted two special issues. In response to the first question the jury found that the defendant in error breached his contract by refusing to furnish the plaintiff in error with the necessary supplies, tools, and teams to enable him to perform his part of the agreement. The second question related to damages, and the jury found the amount sustained by the plaintiff in error was $97.16. The court deducted $36.18 from that sum, and rendered a judgment in favor of the plaintiff in error for $60.98.

[1] In this appeal the plaintiff in error insists that, in the absence of any general or special denial putting in issue his averments as to the damages sustained, the amount alleged in his petition was admitted, and the court erred in submitting the issue of damages and in refusing to render judgment in his favor for the full sum pleaded. The plaintiff in error alleged that, if he had been permitted to continue in the performance of his contract, he could and would have grown and harvested crops aggregating in value $1,037, one-half of which would have been his share. The defendant in error in reply alleged that after taking possession he had cultivated the crops in a "farmerlike manner," and had gathered therefrom crops aggregating in value the sum previously mentioned. This, in effect, controverts the somewhat speculative averments of the plaintiff in error regarding what the land would have yielded under his cultivation. Notwithstanding the jury might have believed that the defendant in error breached his contract in the manner found by them, yet they might also have found that he properly cultivated the crops and gathered therefrom as much as could reasonably have been expected, and that the sum stated by him was the reasonable value of what the land would have produced. Such a finding would be inconsistent with the claim of the plaintiff in error.

[2, 3] It is also contended that the court erred in not rendering judgment for the full amount of damages found by the jury. As before stated, the defendant in error had pleaded a counterclaim, which the court had a right, under a proper state of the evidence, to deduct from the damages found by the jury. While the issue as to the validity of the counterclaim was not submitted to the jury, we must assume that the findings of the court were such as to support the judgment rendered.

There is no complaint at the refusal of the court to submit further issues to the jury.

The judgment will therefore be affirmed